Bohac Agency, Inc. v. Commissioner.
Bohac Agency, Inc. v. Commissioner
Docket No. 2799-69.
United States Tax Court
T.C. Memo 1971-228; 1971 Tax Ct. Memo LEXIS 102; 30 T.C.M. (CCH) 979; T.C.M. (RIA) 71228; September 8, 1971, filed William Elden, 1630 W. 47th, Chicago, Ill., for the petitioner. William L. Ringuette, for the respondent. TIETJENS
Memorandum Findings of Fact and Opinion TIETJENS, Judge: The Commissioner determined deficiencies in petitioner's Federal income tax for 1965 and 1966 in the respective amounts of $5,506.21 and $4,845.42. The principal issue before us is whether petitioner is subject to the accumulated earnings tax of section 531, I.R.C. 1954, [1] for the taxable years, and the subsidiary issue of whether petitioner's statement under section 534 is sufficient to shift the burden of proof in re the grounds contained therein to the Commissioner for the years involved herein. Findings of Fact Some of the *104 facts have been stipulated. The stipulations and exhibits attached thereto are incorporated herein by this reference. During each of the years in question and when the petition herein was filed, the petitioner's principal place of business was in the Talman Building, Chicago, Illinois. Petitioner's Federal income tax returns (Form 1120) for each of said years were filed with the district director of internal revenue, Chicago, Illinois. The petitioner was incorporated under the laws of the State of Illinois by Ben F. Bohac and Bernard Polek on December 22, 1955. Its principal business is providing life insurance coverage on individuals. It acts as an insurance agent for a number of insurance companies in return for commissions. At all times pertinent herein (the years 1965 and 1966), the officers of the petitioner were as follows: Office
Officeholder
President
Ben F. Bohac
Treasurer
Bernard Polek
Secretary
Lydia Polek
At all times pertinent herein (the years 1965 and 1966), the board of directors of 980 the petitioner was comprised of the following individuals: Office
Officeholder
Chairman of the Board
Ben F. Bohac
Director
Lydia Polek
Director
Bernard Polek
*105 During the taxable years 1965 and 1966, petitioner received income in the following amounts and from the following sources: Year
Commissions
Interest
Capital Gains
1965
$45,180.87
$6,698.71
$150.00
1966
49,741.85
8,690.84
179.05
The initial capital of the petitioner when it was incorporated in 1955 consisted of 1,000 shares of stock having a par value of $1 a share, or total capital of $1,000. The original 1,000 shares of stock were held as follows: Shareholder
Number of Shares
Ben F. Bohac
260
Josephine Bohac
260
Bernard Polek
240
Lydia Polek
240
As of December 31, 1966, and during the years 1965 and 1966, there were 1,000 shares of stock of the petitioner outstanding, which were owned as follows: Shareholder
Number of Shares
Bernard Polek
328
Lydia & Bernard Polek
328
Children of Lydia & Bernard
Polek
John Polek
86
Gerald Polek
86
Barbara Polek
86
Thomas Polek
86 344
Total Shares
1,000
Ben F. Bohac (hereinafter Bohac), petitioner's president and one of its founders, is the father of Lydia Polek and father-in-law of Bernard Polek (hereinafter Polek), and the grandfather of the *106 children of Lydia and Bernard Polek, respectively. Bohac also helped found the Talman Building and Loan Association in 1922. In 1936, the name of the Talman Building and Loan Association was changed to Talman Federal Savings and Loan Association (hereinafter Talman), and it is presently located at 5501 South Kedzie Avenue, Chicago, Illinois, the same address as petitioner. Talman is a Federal mutual savings and loan association. During the taxable years 1965 and 1966, Bohac was Talman's honorary chairman of the board and Polek, the petitioner's vice president and treasurer, was Talman's president and chairman of the board. Bohac and Polek were also the principal stockholders and officers in the following corporations during the taxable years 1965 and 1966: Ben F. Bohac, Inc., of 5501 South Kedzie Avenue, Chicago, Illinois. Bohac and Polek Agency of 5501 South Kedzie Avenue, Chicago, Illinois. The petitioner, and the Bohac and Polek Agency, both occupy the same room at Talman with Ben F. Bohac, Inc. Both Ben F. Bohac, Inc. and the Bohac and Polek Agency are engaged in the business of selling insurance. Ben F. Bohac, Inc., sells casualty insurance on homes and automobiles *107 while the Bohac and Polek Agency sells insurance to homeowners providing for the payment of the mortgage on the home in the event of incapacitation or sickness of the mortgagor. During the years 1960 through 1966, the petitioner had the following receipts: Year
Receipts
1960
$ 43,430
1961
47,233
1962
45,553
1963
39,395
1964
49,640
1965
45,181
1966
49,742
For these same years petitioner's taxable income was in the following approximate amounts: Year
Taxable Income
1960
$ 24,986
1961
26,737
1962
23,539
1963
24,415
1964
24,293
1965
24,926
1966
24,220
Since its incorporation in the year 1955 and up to and including the taxable year 1966, the petitioner has not paid any type of dividend whatsoever. The Commissioner, pursuant to section 534(b) of the Internal Revenue Code of 1954, sent by certified mail, on February 6, 1969, a notification informing the petitioner that a proposed statutory notice of deficiency included amounts with respect to the accumulated earnings tax imposed by section 531 of the Internal Revenue Code of 1954, for the taxable years 1965 and 1966. *108 On March 13, 1969, the Commissioner mailed a statutory notice of deficiency, 981 bearing that date, with attachments to the petitioner. In said statutory notice of deficiency, the Commissioner determined that petitioner was formed or availed of for the purpose of avoiding the income tax with respect to its shareholders by permitting its earnings and profits to accumulate instead of being divided or distributed during the taxable years 1965 and 1966. Accordingly, the Commissioner asserted the accumulated earnings tax provided by section 531. The petitioner, pursuant to section 534(c), timely submitted on April 4, 1969, a statement of the alleged grounds upon which it relied to establish that all or a part of its earnings and profits for the taxable years 1965 and 1966 had not been permitted to accumulate beyond the reasonable needs of its business. The statement reads as follows: April 4, 1969 Mr. Sheldon S. Cohen, Commissioner Internal Revenue Service 17 North Dearborn Street Chicago, Illinois 60602 Re: A: R: RJ Bohac Agency, Inc. 5501 South Kedzie Avenue Chicago, Illinois 60629 YEARS: 1965 and 1966 Gentlemen: Please be advised that we offer the following *109 defenses to your proposed action under Section 534 of the Internal Revenue Code of 1954: (1) That all of the funds in this corporation are necessary in order to build a building for this corporation at a certain location when such building becomes available. At the present time, there is only one building which meets all the needs of the taxpayer and the owner has not indicated a willingness to sell. However, he is up in years and we hope a sale can be consummated with him in the future or in the alternative, with his heirs. Once this building is acquired, it will be necessary for the corporation for expansion purposes to remodel the building to fit into the overall remodeling scheme of Talman Federal Savings and Loan Association which will take place over the next ten years, and involves an expenditure of $10,000,000 or more. (2) The corporation has consistently adopted a policy of placing a certain portion of its funds in an account with Talman Federal Savings and Loan Association. This money placed in this account is used by Talman Federal Savings and Loan Association to procure any mortgages which the company in turn benefits from by being in a position *110 to sell more insurance to the mortgage holders. (3) The surplus of the taxpayer for the year ended December 31, 1965, is $180,299.91 and $8,014.71 of it was accumulated from interest on tax free bonds purchased for business purposes. The surplus of the taxpayer for the year ended December 31, 1966 is $197,943.61 and $8,480.71 of it was accumulated from interest on tax free bonds purchased for business purposes. (4) The corporate surplus as of December 31, 1965 amounted to $180,299.91 whereas total operating expenses were $27,103.91. The corporate surplus as of December 31, 1966 amounted to $197,943.61 whereas total operating expenses were $34,391.84. (5) During the years 1965 and 1966 and all prior years, the company used brokers and agents to sell their policies. However, they found that it was too difficult to obtain the proper coverage. It is the intention of the company in the near future to place their own outside salesmen to contact their customers. This will necessitate an increase of $50,000 to $60,000 in the operating expenses of the company. It is also highly probable that the company will incur losses until these outside salesmen become self-supporting. Yours *111 truly, BOHAC AGENCY, INC. By /s/ Bernard A. Polek Vice President & Treasurer Under the penalties of perjury, I declare that I have read the above statement and to the best of my knowledge and belief, all the facts contained therein are true. /s/ Bernard A. Polek Bernard A. Polek Sworn and subscribed to before me this 4th day of April, 1969. /s/ Jane Kondra Notary Public (Seal) The petitioner's earned surplus for Federal income tax purposes on December 31, 1965 and December 31, 1966, was $180,299.91 and $197,943.61, respectively, the same amounts as specified in the section 534(c) letter. The stipulated balance sheet of petitioner shows the following in round numbers: Cash
1965
1966
State Bank of Clearing
$ 2,253
$ 1,464
Talman
171,953
208,244
Special Assessment Bonds
15,135
990
Miscellaneous Items
$191,682
$215,034
Liabilities
Accrued Officers' Salaries
$3,000
$9,000
Federal Income Tax Payable
7,382
7,090 982 The principal stockholders of the petitioner, Bernard and Lydia Polek, would have incurred additional income tax liabilities in each year of the years 1965 and 1966, if the petitioner would have paid any type *112 of dividend (excluding stock dividend) during said years. If the petitioner would have distributed its accumulated earnings of $20,038.98 and $17,619.72 as dividends to its stockholders for the years 1965 and 1966, respectively, its principal stockholders', Bernard and Lydia Polek's (owners of 656 shares out of 1,000 shares), personal income taxes would have been increased by $8,005.56 and $7,369.87 for said years, respectively. Opinion We must decide if petitioner is subject to the accumulated earnings tax of section 531 for both 1965 and 1966. In connection with this additional tax, section 534 allows a taxpayer in this Court to shift the burden of proof to the Commissioner as to whether the corporation's earnings and profits have been permitted to accumulate beyond the reasonable needs of the business if either of the following occur: 1. The Commissioner, prior to mailing a deficiency notice to a taxpayer, fails to send by certified or registered mail a notification that he intends to issue a statutory notice of deficiency that is based in part or wholly on the accumulated earnings *113 tax. Sec. 534(b). 2. The Commissioner sends said notification to the taxpayer and the taxpayer responds by submitting a statement to the Service (within 60 days or 90 days if an extension was granted) setting forth the ground or grounds (together with sufficient facts to show the basis thereof) on which it relies to show that its earnings have not been accumulated beyond the reasonable needs of the business. Sec. 534(c); sec. 1.534-2(d)(2), Income Tax Regs.
We are first concerned with section 534 (c) on the question of shifting the burden of proof. [2]An adequate statement must contain sufficient facts to show the basis of the grounds relied on and such facts must be substantial, material, definite and clear. J. Gordon Turnbull, Inc., 41 T.C. 358 (1963), affd. 373 F. 2d 87 (C.A. 5, 1967). *114 We are of the opinion that the grounds contained in petitioner's statement herein do not comply with the requirements of section 534(c) in that they are either irrelevant or insufficient to justify petitioner's accumulation of its earnings and profits. Further, such grounds are not supported by sufficient substantial, material, definite and clear facts to show the basis of the grounds asserted. We think a brief review of the grounds set forth in the statement will be enough to show their inadequacy. The first ground is that petitioner needs all of its funds to construct a building at a certain location (otherwise unidentified) when a site is available. The amount of money needed to purchase the site, or to build a building thereon is stated to be the rather nebulous figure of "all of the funds in this corporation." There is no indication whatsoever of when petitioner expects to begin construction nor is the need for a building explained except for "expansion" in connection with Talman's remodeling (not petitioner's own) over the next ten years. We find this ground to be woefully indefinite and lacking in sufficient facts to shift the burden of proof to the Commissioner. Sec. 1.537-1(b)(1), Income Tax Regs.
*115 As to its second ground, petitioner states that it has a certain portion of its funds on deposit with Talman Federal Savings and Loan Association in the expectation of being able to sell more insurance to persons taking out mortgages from Talman. Petitioner does not state the amount of funds on deposit, nor the amount of business received as a result of such deposits, if any. We again find this ground insufficient and lacking in supporting facts to shift the burden of proof to the Commissioner. Petitioner's third and fourth grounds have been conceded by petitioner on brief to be untenable. Petitioner's fifth ground is that it contemplates hiring outside salesmen to replace agents in selling its policies and that this will cause an increase in operating 983 expenses. This ground is speculative, vague and unsupported by any sufficient facts whatsoever. Petitioner has failed to set forth facts which are substantial, material, definite and clear, showing that its reasonable business needs require said salesmen. It has also failed to list the specific amounts required to hire these individuals. It has failed to disclose any detail of its plan for hiring said salesman, when said *116 salesmen were to be hired, and what steps if any, it took toward hiring these salesmen prior to, during and subsequent to the years 1965 and 1966. See sec. 1.537-2(c)(5), Income Tax Regs. Again, this ground is insufficient to shift the burden of proof to the Commissioner. Nowhere in its statement has petitioner presented facts or plans in re its asserted grounds of the required specificity to shift the burden of proof to the Commissioner American Metal Products Corp., 34 T.C. 89 (1960), offd. 287 F. 2d 860 (C.A. 8, 1961). This brings us to the main question of whether petitioner is subject to the accumulated earnings tax of section 531. The accumulated earnings tax is imposed upon a corporation that is formed or availed of for the purpose of avoiding the income tax with respect to its shareholders by permitting earnings and profits to accumulate instead of distributing them. Sec. 531 and 532, I.R.C. 1954. Section 533 of the 1954 Code provides that if earnings and profits are allowed to accumulate beyond the *117 reasonable needs of the business such fact shall be determinative of the proscribed purpose unless the taxpayer by the preponderance of evidence proves to the contrary. Specifically, section 533(a) of the Code establishes a presumption that the purpose to avoid taxes is present if earnings are accumulated beyond the reasonable needs of the business. However, this presumption is rebuttable. In order to rebut it, the corporation must show by a preponderance of the evidence that the accumulation was not motivated by the forbidden tax purposes. To the extent that the taxpayer can establish that all or part of its earnings were properly retained, such amounts will be allowed as a credit against its accumulated taxable income subject to the accumulated earnings tax. Sec. 535(a) and (c), I.R.C. 1954. The amount required for the reasonable needs of the business is that amount which a prudent businessman would consider necessary for both present and reasonably anticipated needs. If reliance is placed on future needs (considered as of the close of the taxable year) there must be specific and feasible *118 plans, and the accumulation must be used within a reasonable time. Sec. 1.537-1, Income Tax Regs. The question involved herein is one of fact. Helvering v. Nat. Grocery Co., 304 U.S. 282 (1938). We have decided that the petitioner has not succeeded in shifting the burden of proof to the Commissioner with regard to the grounds contained in its section 534(c) statement. Thus petitioner must by a preponderance of the evidence show that it was not availed of to avoid the income tax with respect to its shareholders by permitting its earnings and profits to accumulate beyond the reasonable needs of its business. This we hold petitioner has failed to do. At trial, petitioner added little if anything to the grounds contained in its statement under section 534(c) which would cause us to conclude that its accumulation did not exceed the reasonable needs of its business. Accordingly, nothing would be gained by again reviewing the grounds asserted by petitioner. Their inadequacy has been adequately commented on above in the discussion about the shifting of the burden of proof. After carefully considering the entire record (which is indeed meager), *119 we conclude that petitioner has not justified its retention of earnings and profits as not being in excess of the reasonable needs of its business. In the statutory scheme, this is determinative of the purpose to avoid shareholder income tax, and is the touchstone for the imposition of the accumulated earnings tax. In support of the purpose to avoid share-holder income tax we note the following. The evidence shows that petitioner paid no dividends to any of its stockholders during the years 1965 and 1966. It also indicates that if the petitioner had distributed its accumulated earnings of $20,038.98 and $17,619.72 as dividends to all of its stockholders in the years 1965 and 1966, respectively, its principal stockholders', Bernard and Lydia Polek's (owners of 656 out of the 1,000 shares), personal income taxes would have been increased by $8,005.56 and $7,369.87 for said years, respectively. Such rate of tax (well over 50 percent) is much higher than the petitioner's corporate rate for both of the years 1965 and 1966. 984 Petitioner's principal stockholders would have retained less than 50 percent of any dividends distributed to them in the years 1965 and 1966. This is a *120 fact tending to show a tax avoidance purpose motivating the retention of earnings in both of the years involved. So long as the avoidance of shareholder tax was a purpose of petitioner's accumulations, it is subject to the imposition of the accumulated earnings tax under section 531. United States v. Donruss Co., 393 U.S. 297 (1969). Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 unless otherwise stated.↩
2. The burden of proof, if it is shifted, is done so only to the extent of the grounds contained in the taxpayer's statement and not to any others on which he may rely. Sec. 1.534-2(b), Income Tax Regs.↩